# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
_____

DIABATE AMADOU,

        Plaintiff,

v.                        **MEMORANDUM OF LAW & ORDER**
                                Civil File No. 08-30 (MJD/JJK)

MICHAEL RYAN,

        Defendant.
_____

Diabate Amadou, pro se.

Anthony G. Edwards and Andrew D. Parker, Parker Rosen LLC, Counsel for Defendant.
_____

On September 24, 2009, this Court issued a Memorandum of Law and Order granting Defendants' Joint Motion for Summary Judgment [Docket No. 63], with the exception that the Court stayed its decision regarding the claims against Defendant Michael Ryan. The Court stayed its decision as to Ryan because, after the summary judgment motion was fully briefed and after the Court heard oral argument, Defendant Ryan informed the Court that he had filed for Chapter 13 bankruptcy. Due to the automatic bankruptcy stay, the Court also

1

stayed ruling on Plaintiff's two subsequently-filed motions opposing the bankruptcy process and opposing summary judgment.

On April 23, 2010, Ryan informed the Court that, on December 3, 2009, the bankruptcy court had issued an order modifying the stay to permit this Court to rule in this case.  [Docket No. 78]  Therefore, the Court issues this final order disposing of the claims against Ryan.

In the Court's previous Order, it noted: "It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." <u>Am. Prairie Constr. Co. v. Hoich</u>, 560 F.3d 780, 789 (8th Cir. 2009) (citation omitted).  "[T]he stay required by section 362 . . . extend[s] only to claims against [the debtor], and that the stay is not available to nonbankrupt codefendants, even if they are in a similar legal or factual nexus with the debtor." <u>Id.</u> (citation omitted).  Therefore, although the Court did not decide Ryan's summary judgment motion in the September 24, 2009 Order, the Court did fully address the claims against Ryan in the context of the Court's analysis of Amadou's claims against Metropolitan Council because Amadou asserted that Metropolitan Council was vicariously liable for Ryan's actions.

In its September 24, 2009 Order, the Court held that Metropolitan Council

was entitled to summary judgment because Ryan would be entitled to summary judgment on Amadou's claims. For the reasons fully set forth in that Order, the Court now grants summary judgment to Ryan.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.   Defendants' Joint Motion for Summary Judgment [Docket No. 63] is **GRANTED** as to Defendant Michael Ryan. The motion was previously granted as to all other Defendants in the Court's September 24, 2009 Order [Docket No. 76].

2.   The Amended Complaint is **DISMISSED WITH PREJUDICE**.

3.   Plaintiff's Motion to Maintain[] the Court Process [Docket No. 74] is **DENIED AS MOOT**.

4.   Plaintiff's Motion to Oppose Summary Judgment [Docket No. 75] **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   May 6, 2010                                s/ Michael J. Davis
                                                    Michael J. Davis
                                                    Chief Judge
                                                    United States District Court